**SCHEU, et al., Plaintiffs-Appellants, v. SCHEU, et al., Defendants-Appellees.**

Ohio Appeals, Second District, Montgomery County.

No. 1870. Decided December 14, 1945.

Logan W. Marshall, Sidney, Roland E. and **H. E. Beery,** Sidney, for plaintiffs-appellants.

Wayne F. Lee, Dayton, James D. Herrman, Dayton, Rodney R. Blake, Sidney, Miss Gertrude M. Bonholzer, Dayton, for defendants-appellees.

### OPINION

By HORNBECK, P. J.

This is an appeal on questions of law from a judgment

of the Common Pleas Court of Montgomery County entered on the verdict of a jury finding that the last will and testament of Charles W. Scheu, deceased, was his last will and testament.

Five errors are assigned.

1. Misconduct of juror.

Etta Schultz qualified and served as a juror and with the other jurors signed the verdict. Upon her voir dire examination, she stated that she knew none of the parties, one of whom was Lueseta Caroline Scheu Lee, a plaintiff-appellant. The trial proceeded and on third or fourth day, Mrs. Lee discovered, from a short talk with Mrs. Schultz, that she knew Mrs. Schultz and upon the motion for new trial, testified that in 1917, some 28 years before the trial, she had met and conversed with the juror under circumstances which created a feeling of animosity between them. Mrs. Schultz stated that she did not know Mrs. Lee personally, had no conversation with her in 1917, and that she had no ill feeling toward her. The answer of Mrs. Schultz on her vior dire to the effect that she did not know Mrs. Lee is assigned as the first ground of error.

There are two aspects to the question presented, one, did Mrs. Schultz knowingly answer the question under consideration improperly without stating the circumstances of the acquaintance of these parties, if any attended. It is probable that even though Mrs. Schultz at one time knew Mrs. Lee she did not appreciate the fact when interrogated on the voir dire. The second question presented relates to the obligation enjoined upon Mrs. Lee when she realized the acquaintance to which she testified on the motion for new trial. Certainly, it was her obligation to bring to the attention of the court any fact of which she had knowledge which, in her judgment, might affect the qualification of a juror to sit impartially in judgment on her case. She could not hazard the possibility of favorable or unfavorable action by the juror and, in the event that it was unfavorable, urge it after such action developed. The obligation which devolved upon appellant when she discovered the fact, which in her judgment may have disqualified the juror, is set forth with citation of authorities in 24 O. Jur. p. 230, "Jury" Sec. 102. The determinative question in the consideration of this assignment is whether the trial judge erred in concluding that no prejudice appeared to have resulted to plaintiffs' cause by reason of the statement of the juror or by reason of her service as a juror. The trial

judge was well within his province in concluding that no prejudice appeared.

2. The verdict is contrary to the weight of the evidence.

It is necessary to observe on this assignment that in the most favorable view to the appellants of the testimony developed, there was presented only a jury question. It became necessary under the facts, for the jury to resolve them in favor of or against the claim of the appellants and they held the burden of proof. There is nothing in the factual development which would require this court to hold that the jury disregarded its obligation or that its verdict is so manifestly against the weight of the evidence as to shock the conscience of a reviewing court.

3. Abuse of discretion on the part of the court.

It is claimed that the court abused its discretion in refusing to grant continuance of the cause when chief counsel of plaintiffs could not be present at the time it was tried. It is also asserted that Mr. Logan W. Marshall of counsel was ill during the trial of the cause. There is not sufficient showing of any abuse of discretion on the part of the court in requiring counsel to proceed with the trial in the absence of Mr. Fricke, who no doubt had ample notice of the date fixed for trial and it does not appear that he was physically unable to be present. Manifestly, courts may not cease to function because one of counsel, even though chief counsel, as suggested, chooses to remain away from the place of trial at the time set for hearing. The physical condition of Mr. Marshall was not brought to the attention of the trial judge and he, therefore, was given no opportunity to act in the situation presented.

4. Other errors occurring at the trial which were excepted to by plaintiffs at the time and which are apparent on the record.

Mr. W. J. Emmons, counsel for decedent in his lifetime, who testified that he had prepared and witnessed the will, stated in his deposition that the purported will was executed on July 9, 1939, whereas the true date was July 3, 1939. At the time of the taking of the deposition the will under contest was not presented to the witness although a photostat of the last page thereof was available to him. The jury had to determine the probative effect of the testimony of Mr. Emmons. All the circumstances incident to the signing of the will were testified fully by the witness.

The ultimate question was whether or not the instrument which was exhibited to the jury and which had been

probated had been executed and was the valid last will and testament of decedent. The mere fact that the scrivener may have been mistaken in his testimony at the trial as to the date of the execution of the will was not so material as to preclude the jury from finding in favor of the defendants on the question presented and concluding that the witness had attested the signature of the decedent to the instrument which was exhibited to the jury. It is also asserted that the witness stated that it was signed at night whereas the probability is that it was signed in the morning. We do not find that Mr. Emmons so testified, but if he did this also merely went to the weight of the witness' testimony and not to its competency.

5. Errors committed by the court in its charge to the jury and other errors manifest from the face of the record.

Counsel set forth a part of the general charge given to the jury before it retired wherein is stated the essentials to constitute due execution of the will, and also a part of the charge as given to the jury at its request after it had been in deliberation, and from these statements it is urged that the court modified its general charge by the special charge given at the request of the jury. We do not so find.

It must have been obvious to jury and counsel that the court in its latter charge confined the law, as announced, to the one question propounded by the jury and, properly, did not restate the law controlling all of the issues presented in the case.

A careful examination of this record and a reading of the testimony is convincing that the plaintiffs-appellants had a fair trial, that the issues drawn by them were properly presented to the jury, that their cause was capably conducted by their counsel and the verdict returned is well supported by the evidence, if that which is favorable to the defendants-appellants is given credence which was within the province of the jury.

We have not cited cases at length in passing upon this appeal because there is no legal question involved which is in doubt on the authorities.

We find no prejudicial error occurring in this record in any of the particulars assigned.

The judgment will be affirmed.

MILLER and WISEMAN, JJ., concur.