JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Kira Swanson ("mother"), appeals numerous decisions of the trial court in connection with the trial court's designation of defendant-appellee, Eric Swanson ("father"), as the residential and custodial parent of the parties' minor daughter. Among the many assignments of error asserted, the mother argues that the trial court abused its discretion in denying her motion to continue the final hearing to obtain new counsel. Because we find that the denial of the continuance unfairly forced the mother to proceed pro se and prejudiced her rights, we reverse and remand for a new hearing.
 Procedural Facts and History {¶ 2} Following a highly contentious divorce, Kira and Eric Swanson divorced in September 2005. As part of the final divorce decree-an agreement reached between the parties-the mother was designated the residential and custodial parent of the parties' daughter, who was almost four years old at that time, and the father was granted visitation rights and ordered to pay child support.
 {¶ 3} On September 14, 2006, approximately a year later, and after numerous motions filed by both sides, the mother moved to modify the parental rights and responsibilities of the father. In her motion, the mother moved the court to terminate the father's overnight visitation rights, to impose supervised visitation, and to require the father to seek counseling. Two weeks later, the father moved to modify the allocation of parental rights and responsibilities on the grounds that the mother *Page 2 
constantly interfered with his parental rights, seeking to alienate his daughter from him. Approximately five months after the father filed his motion, the court issued a scheduling order on March 2, 2007, scheduling all parenting-related motions for hearing on May 29, 2007. The court also scheduled a final pretrial for April 25. As part of the scheduling order, the court notified the parties' counsel that no continuances would be granted and specifically stated the following:
 {¶ 4} "NO CONTINUANCE WILL BE GRANTED, and counsel shall forthwith arrange for substitute attorney(s) to be available in the event of unforeseen circumstances."
 {¶ 5} On March 26, 2007, the mother dismissed her motion to modify the allocation of parental rights and responsibilities. Similarly, prior to trial, the father dismissed his pending show cause motions. At the final pretrial, the parties agreed that the father's motion to modify, the mother's motion to show cause for the return of personal property, and motions for attorney fees would be the only motions heard at the final hearing on May 29.
 {¶ 6} On May 9, 2007, twenty days before trial, the mother's counsel filed a motion to withdraw indicating that the mother had fired him. On May 17, the trial court granted the motion to withdraw. On May 23-six days before trial-the mother, who had not previously asked for any continuances of the final hearing, moved for a continuance because she was unable to retain substitute counsel and wanted counsel to represent her rights. In her motion, the mother specifically stated that she *Page 3 
had made numerous attempts to hire counsel but her phone calls were not returned. The trial court denied the motion and forced the mother to proceed pro se. The hearing was held before a magistrate and lasted for three days where the mother represented herself pro se.
 {¶ 7} The magistrate found that a change of circumstances existed warranting a modification of the parental rights and responsibilities. The magistrate found that the parents' inability to cooperate and communicate in regard to the daughter "has begun to affect the child in observable ways." Finding a change in circumstances, the magistrate designated the father as the residential and custodial parent, granted the mother visitation and ordered her to pay child support. The court dismissed the mother's motion to show cause and for attorney's fees.
 {¶ 8} The mother subsequently retained an attorney who filed objections to the magistrate's decision and moved for a new trial. The trial court denied the motion and adopted the magistrate's decision.
 {¶ 9} The mother appeals, raising twelve assignments of error. Because we find the eighth assignment of error dispositive, we will address it first.[1]
 Motion for a Continuance *Page 4 
 {¶ 10} In the mother's eighth assignment of error, she argues that the trial court abused its discretion in denying her motion for a continuance of the final hearing. We agree.
 {¶ 11} The decision to grant or deny a motion for a continuance lies within the sound discretion of the court and will not be reversed absent an abuse of discretion. Harmon v. Baldwin, 107 Ohio St.3d 232,2005-Ohio-6264; Sayre v. Hoelzle-Sayre (1994), 100 Ohio App.3d 203, 208. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, quoting State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 12} Our review of a denial of a motion for a continuance requires us to apply a balancing test-weighing the trial court's interest in controlling its own docket and the public's interest in the prompt and efficient dispatch of justice versus any potential prejudice to the moving party. State v. Unger (1981), 67 Ohio St.2d 65, 67; Burton v.Burton (1999), 132 Ohio App.3d 473, 476; see, also, Fiocca v.Fiocca, 10th Dist. No. 04AP-962, 2005-Ohio-2199, at ¶ 6; Seget v.Seget, 8th Dist. No. 83905, 2004-Ohio-6209, at ¶ 10. In Linger, supra, the Ohio Supreme Court articulated the following factors that a trial court should consider in evaluating a motion for a continuance:
 {¶ 13} "the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing *Page 5 
counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstances which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of the each case." Linger, at 67-68.
 {¶ 14} In the magistrate's written opinion, she explained that the mother's motion for a continuance was denied because the final hearing had been scheduled months earlier and that it "was at her peril that [the mother] terminated legal services." The court further noted that to delay disposition of the case would not have served the minor child involved. Although we recognize that this reasoning may support the denial of a continuance in some instances, we find that the trial court abused its discretion in denying the motion in the instant case.
 {¶ 15} Here, numerous factors weighed in favor of granting a short continuance to allow the mother to obtain new counsel, which would have prevented any prejudice to her at trial. First, although the father's motion for an allocation of parental rights had been pending for approximately eight months, the trial had been set only three months earlier and the mother had not previously requested any continuances of the trial. Indeed, after the court set the matter for final hearing, no continuances had been granted. Thus, any urgency in adjudicating the motion stemmed more from the trial court's scheduling methods and should not bar a continuance when one is warranted. *Page 6 
 {¶ 16} Second, the mother requested the continuance solely to obtain new counsel. There is no evidence to suggest that the continuance was requested to delay the proceedings.
 {¶ 17} Third, given the nature of the proceedings and the ramifications of an adverse outcome, i.e., losing designation as the residential and custodial parent, we find that allowing the mother to have counsel at the final hearing trumps any minor inconvenience associated with a short delay. Notably, we find nothing in the record to suggest that a short continuance would have caused any inconvenience to the parties other than having to reschedule. And while we recognize that the mother failed to specify the length of the continuance, we find that does not prevent a trial court from exercising its discretion and granting a reasonable continuance of the final hearing. See, generally,Roncone v. Bialkowski, 10th Dist. No. 06AP-1181, 2007-Ohio-3326
(recognizing that a request for a continuance to obtain new counsel is sufficient even if the moving party fails to specify an exact amount of time).
 {¶ 18} Finally, although the mother's conduct of firing her attorney contributed to the need for the continuance, this alone does not warrant the denial of her motion. See, e.g., Foley v. Foley, 10th Dist. Nos. 05AP-242 and 05AP-463, 2006-Ohio-946 (recognizing the likely prejudice to the plaintiff by court's denial of plaintiff's motion for a continuance to obtain new counsel even if plaintiff fired attorney prior to trial); Seget, supra (reversing trial court's denial of defendant's motion to continue trial *Page 7 
after the defendant fired his attorney but requested oral continuance on the day of trial to obtain new counsel).
 {¶ 19} Accordingly, given the circumstances of this case, we find that the Linger factors weighed strongly toward granting the mother's motion for a continuance.
 {¶ 20} To the extent that the magistrate found that a delay in the proceedings would adversely affect the minor child, we disagree. To the contrary, we find that allowing the mother to be represented by counsel, as opposed to forcing her to proceed pro se, protects the integrity of the proceeding. And given that the final hearing on the father's motion could result in a dramatic change for the child, the child's interest is better served by ensuring the integrity of the proceedings. Notably, this case did not involve allegations related to the child's safety. Indeed, the trial court waited over five months to schedule the motion for final hearing. Based on all the circumstances, we find that the trial court should not have forced the mother to proceed pro se without giving her a chance to obtain new counsel.
 {¶ 21} Additionally, our review of the record reveals that the mother was prejudiced by having to represent herself pro se at trial. The trial transcript reveals that the mother was unprepared and sometimes confused during trial. Although the guardian ad litem often objected when the father's attorney asked improper questions or elicited hearsay testimony, and the trial court admonished the same, the mother failed to object to a considerable amount of hearsay evidence. The *Page 8 
mother also expressed her lack of knowledge of the evidentiary and procedural rules on more than one occasion during the trial. Again, any potential prejudice to the mother could have been avoided by granting a short continuance to allow her to retain new counsel.
 {¶ 22} Relying on Ortiz v. Ortiz, 7th Dist. No. 05JE6, 2006-Ohio-3488, wherein the Seventh District affirmed the trial court's denial of the defendant's motion to continue the trial, the father argues that the trial court properly denied the mother's request for continuance. He argues that, like Ortiz, the mother previously fired more than one attorney, her motion was untimely, and the trial court informed her that no other continuances would be granted. We find, however, that this case is easily distinguishable.
 {¶ 23} In Ortiz, the defendant, who was in jail on a stalking charge, failed to appear at the final hearing on the divorce complaint and subsequently moved the court to vacate the decree and reset the hearing, which the trial court granted. Prior to the final hearing, the defendant filed a motion to dismiss the divorce complaint, which was set for hearing and denied. At the final hearing, the defendant did not appear until the plaintiff had finished direct examination, and upon appearing, he indicated that he had fired his counsel and orally requested a continuance. The trial court denied his request.
 {¶ 24} Unlike Ortiz, where the record clearly indicated that the defendant tried numerous ways to delay the proceedings and avoid the final trial on the divorce *Page 9 
complaint, the same does not apply in this case. Also, because the defendant was subject to an anti-stalking order and had been convicted of stalking the plaintiff, special circumstances existed that required a speedy resolution of the case. Conversely, the circumstances of this case favored the granting of a short continuance. Further, the mother filed a written motion six days prior to trial, only after she was unsuccessful in obtaining new counsel but still within days from the court's order allowing her previous attorney to withdraw. Conversely, Ortiz failed to timely appear for the trial, failed to file a written motion for a continuance, and never attempted to obtain new counsel despite his previous counsel withdrawing weeks earlier.
 {¶ 25} We further reject the father's claim that the court's scheduling order, which expressly stated that no continuances would be granted, supported the trial court's denial of the continuance. Significantly, in addition to stating "NO CONTINUANCE WILL BE GRANTED," the order also notified counsel that they should arrange for substitute counsel in "the event of unforeseen circumstances." Thus, under the court's own order, we find it unreasonable to deny the mother's motion for a continuance to obtain new counsel after allowing her attorney to withdraw without substitute counsel in place.
 {¶ 26} Indeed, Ohio courts have repeatedly recognized that a trial court abuses its discretion when it allows an attorney to withdraw from the case on or near the day of trial and then denies the unrepresented party's motion for a continuance to obtain *Page 10 
new counsel. See, e.g., Griffin v. Lamberjack (1994),96 Ohio App.3d 257; Foley v. Foley, 10th Dist. Nos. 05AP-242 and 05AP-463,2006-Ohio-946; Seget, supra; Hughes v. Hughes (Dec. 10, 1998), 8th Dist. No. 73834; Lowe v. Lowe (Dec. 23, 1985), 2nd Dist. No. CA 9544. Here, given the Linger factors weighing in favor of a continuance, the trial court should have granted the mother's motion for a continuance after it allowed her counsel to withdraw without any substitute counsel. The potential prejudice to the mother outweighed the trial court's desire to control its docket or the benefit of an earlier resolution.
 {¶ 27} Accordingly, the mother's eighth assignment of error is sustained.
 {¶ 28} Having sustained this assignment of error, we find that the remaining eleven assignments of error are rendered moot.
Judgment reversed and case remanded for a new hearing.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 11 
 COLLEEN CONWAY COONEY, P.J., and MELODY J. STEWART, J., CONCUR. *Page 12 
 APPENDIX A
ASSIGNMENT OF ERROR NO. I.
"The trial court's decision is against the manifest weight of the evidence presented at the hearing of this matter, as the weight of the evidence clearly mandates judgment in favor of the appellant, Kira Swanson and denying the motions of the appellee, Eric Swanson."
ASSIGNMENT OF ERROR NO. II.
"The trial court erred and abused its discretion by granting the appellee's motion to modify parental rights and responsibilities."
ASSIGNMENT OF ERROR NO. III.
"The trial court erred and abused its discretion by admitting hearsay evidence and basing her decision to modify and a finding of a change in circumstances upon hearsay evidence."
ASSIGNMENT OF ERROR NO. IV.
"The trial court erred and abused its discretion by finding that a change in circumstances had occurred since the prior parenting order."
ASSIGNMENT OF ERROR NO. V.
"The trial court erred and abused its discretion by failing to set forth a finding that a modification of parental rights and responsibilities is in the best interests of the child and how the harm caused by designating the appellee as the residential parent and legal custodian of the parties' minor child was outweighed by the advantages to the child."
ASSIGNMENT OF ERROR NO. VI.
"The trial court erred and abused its discretion by admitting hearsay evidence and basing her decision, at least in part, upon such hearsay evidence."
ASSIGNMENT OF ERROR NO. VII.
"The trial court erred and abused its discretion by permitting a fact witness to testify in the narrative; and to testify as an expert and provide a recommendation as to the parenting issues in this matter."
 ASSIGNMENT OF ERROR NO. IX. *Page 13 
"The trial court erred and abused its discretion by denying the appellant's motions."
ASSIGNMENT OF ERROR NO. X.
"The trial court erred and abused its discretion by terminating the child support obligation of the appellee and ordering the appellant to commence payment of child support to the appellee."
ASSIGNMENT OF ERROR NO. XI.
"The trial court erred and abused its discretion by denying the appellant's motion for a new trial."
ASSIGNMENT OF ERROR NO. XII.
"The trial court erred by adopting the magistrate's decision without entering its own judgment on the issues."
[1] The mother's remaining eleven assignments of error are included in Appendix A attached to this Opinion. *Page 1