[Cite as *Miller v. Flowers*, 2021-Ohio-220.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Bonnie Miller et al., | : | |
| Plaintiffs-Appellants, | : | |
| | | No. 20AP-226 |
| v. | : | (C.P.C. No. 18CV-2240) |
| Stephanie T. Flowers, M.D., | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on January 28, 2021

**On brief:** *Butler, Cincione & DiCuccio,* and *N. Gerald DiCuccio,* for appellants. **Argued:** *N. Gerald DiCuccio.*

**On brief:** *Katz, Pryor & DiCuccio,* and *Robert K. DiCuccio,* co-counsel for appellants.

**On brief:** *Reminger Co., L.P.A.*, *David H. Krause, and Jackie M. Jewell*, for appellee. **Argued:** *Melvin J. Davis.*

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Plaintiffs-appellants, Bonnie Miller and Grant Miller, appeal from the March 18, 2020, Final Judgment Entry issued by the Franklin County Court of Common Pleas wherein the trial court found in favor of defendant-appellee, Stephanie T. Flowers, M.D., following a jury trial and verdict for defendant on March 17, 2020, after the trial court had denied appellants' emergency motion for a continuance of the trial. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} We begin by observing that appellants have failed to file a transcript of the proceedings below; therefore, our recitation of the facts relevant to this appeal is limited to those which may be ascertained from the remainder of the record.

{¶ 3} On March 14, 2018, appellants filed the instant case against appellee as a refiling of a case originally filed on May 29, 2015. (Compl.; Apr. 18, 2018 Transfer Entry.) On the same day as the complaint was filed, the Clerk of Courts issued a case schedule assigning March 11, 2020 as the trial date. (Clerk's Original Case Schedule.)

{¶ 4} Subsequently, on February 21, 2020, appellants filed their first motion for trial continuance. (Feb. 21, 2020 Mot. for Cont.) In this motion, appellants sought both a continuance of the trial date and a reopening of discovery for 120 days. (*Id.* at 2.) In support of their motion, appellants cited to counsel's schedule requiring their appearance at a trial on March 3, 2020 in Delaware County and at a trial on March 23, 2020 in Franklin County. *Id.*[1]

{¶ 5} On February 24, 2020, the trial court denied the first motion for continuance. (Feb. 24, 2020 Journal Entry Denying Mot. to Cont. Trial Date.) In denying the motion, the trial court noted that the lawsuit against appellee was a refiled case that had been pending "for more than three years as two active cases." *Id.* at 1. The trial court further noted that the trial assignment for the Delaware County case was not filed as an exhibit as stated in the body of the motion and the court assumed that the Delaware County case was assigned for trial after this case. *Id.* Additionally, the trial court observed that witness subpoenas had already been issued; that appellee had presumably cleared her professional schedule; and that defense counsel were prepared to proceed with trial as scheduled. *Id.* at 2.

{¶ 6} Thereafter, on March 10, 2020, appellants filed their Emergency Motion for Continuance of Trial Date (Mar. 10, 2020 Emergency Mot. for Cont.) Although the record is devoid of any written decision denying the motion, we may presume it was denied in the face of the trial having commenced on March 11, 2020 as originally scheduled.[2]

---

[1] The motion does not indicate why appellants sought a reopening of discovery.

[2] We recognize that according to appellee, the trial court and the parties discussed the emergency motion for continuance on the record. (Brief of Appellee at 4.) We further recognize that appellee asserts that the trial court offered to permit appellants to participate in the trial via videoconference, but that appellants declined this offer. *Id.* at 4-5. Although we have no reason whatsoever to doubt these assertions, without a transcript of the proceedings this court has no way of confirming this information.

{¶ 7}   On March 17, 2020, the jury returned a unanimous verdict in favor of appellee.  (March 17, 2020 Jury Verdict.) On March 18, 2020, the trial court issued its Final Judgment Entry wherein the trial court found in favor of appellee.

{¶ 8}   This timely appeal followed.

## II.  Assignment of Error

{¶ 9}   Appellants assign the following as their sole assignment of error for our review:

> The trial court erred to the prejudice of plaintiffs in denying their emergency motion for continuance of trial date because the trial court's failure to consider circumstances and extraordinary risks presented to all individuals created by the COVID-19 outbreak constitutes an abuse of discretion.

## III.  Discussion and Legal Analysis

{¶ 10}   Before addressing appellants' assignment of error, we must address as a preliminary matter the failure of appellants to file a transcript of the proceedings before the trial court. It is the burden of appellants to take the steps required to have the transcript prepared for inclusion in the record on appeal and to ensure that the record contains all that is necessary for the reviewing court to determine the appeal.  *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 19 (1988). When a transcript of proceedings in the trial court is necessary to exemplify the facts which determined the issues presented there, the absence of a transcript requires a reviewing court to either dismiss the appeal or affirm the judgment of the court from which the appeal is taken. *State v. Render*, 43 Ohio St.2d 17 (1975), paragraph two of the syllabus.

{¶ 11} Notwithstanding the foregoing, a party may remedy its failure to file a transcript by filing a statement of the evidence with this court pursuant to App.R. 9(C). In this case, however, appellants made no attempt here to file an App.R. 9(C) statement. Therefore, this court is without any transcript of the proceedings before the trial court.  In such absence, we may not review any assignments of error that rely upon factual issues in dispute, and we must presume regularity of the proceedings under such circumstances. Therefore, we may only address arguments in appellants' assignment of error that are based on questions of law.

{¶ 12} In appellants' singular assignment of error, they assert the trial court erred to their prejudice in denying their request to continue the jury trial. Although a transcript would be necessary to review what, if anything, the court may have stated regarding a continuance of the matter, we will address the issue in general terms. The decision whether to grant or deny a continuance lies within the sound discretion of the trial court. *State v. Unger*, 67 Ohio St.2d 65, 67 (1981). Thus, a trial court's decision regarding a continuance will only be reversed if the trial court abused its discretion. *Fiocca v. Fiocca*, 10th Dist. No. 04AP-962, 2005-Ohio-2199. An abuse of discretion is more than an error of law or judgment; rather, it suggests an attitude that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Importantly, in determining whether a trial court has abused its discretion, this court may not substitute its judgment for that of the trial court. *Foley v. Foley*, 10th Dist. No. 05AP-242, 2006-Ohio-946, ¶ 15.

{¶ 13} In *Unger* at 67-68, the Supreme Court of Ohio discussed the factors to consider in granting or denying a motion for continuance:

> [1] the length of the delay requested; [2] whether other continuances have been requested and received; [3] the inconvenience to litigants, witnesses, opposing counsel and the court; [4] whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; [5] whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and [6] other relevant factors, depending on the unique facts of each case.

{¶ 14} In reviewing a trial court's decision on a motion for continuance, we " 'apply a balancing test, thereby weighing the trial court's interest in controlling its own docket, including the efficient dispensation of justice, versus the potential prejudice to the moving party.' " *Foley* at ¶ 16, quoting *Fiocca*, citing *Unger* at 67. Due to the lack of a transcript, we must presume the trial court considered all relevant factors in reaching its decision to deny appellants' motion. We further apply this balancing test in our review of the trial court's decision, and we address the factors discussed in *Unger* as follows.

{¶ 15} We note that the request did not specifically include a certain amount of time but only asked for a "brief continuance." (Mar. 10, 2020 Emergency Mot. for Cont. at 3.) Thus, it appears this factor weighs somewhat in favor of granting the continuance.

{¶ 16} Next, we consider whether other continuances have been requested and received. As discussed previously, appellants had previously sought a trial continuance which the trial court denied for the specific reasons also previously discussed. Thus, this factor weighs heavily against granting the continuance.

{¶ 17} Considering the third factor, given that the continuance request was not a joint request, and that appellee and her counsel were prepared to go forward, it seems a last-minute continuance would have inconvenienced appellee, counsel for appellee, the witnesses who had already been issued subpoenas and the jurors, all of whom presumably had rearranged their schedules to appear for trial. Thus, this factor also weighs heavily against granting the continuance.

{¶ 18} Regarding the fourth factor, although the stated reason for the request for continuance was due to the public health emergency based on COVID-19, the record makes clear that this case was a refiling of a case originally filed in 2015; that appellants' previous motion for continuance was unequivocally denied by the trial court; and that the emergency motion for trial continuance was filed only one day before trial was scheduled. Thus, this factor also weighs against granting the continuance.

{¶ 19} As for the fifth factor, obviously appellants were not responsible for causing the public health emergency based on COVID-19. Nevertheless, this does not answer the ultimate question as to whether the request for continuance should have been granted on this basis.

{¶ 20} Under the sixth and final category, we are to consider other factors made relevant due to the unique facts of this case. Here, appellants assert that given the March 9, 2020 Executive Order signed by Governor DeWine declaring a state of emergency in Ohio due to COVID-19 ("Executive Order 2020-01D"), the underlying medical conditions and age of appellant Bonnie Miller[3], and that opposing counsel may have been exposed to the coronavirus, a trial continuance was warranted "in order to better ensure the physical safety of Mrs. Miller." (Mar. 10, 2020 Emergency Mot. for Cont. at 3.)

---

[3] According to appellants' emergency motion for trial continuance, "Mrs. Miller is a 71-year-old woman with multiple myeloma and significant neurological issues." (Mar. 10, 2020 Emergency Mot. for Cont. at 2.)

{¶ 21} The motion includes an attachment of an email exchange dated March 9-10, 2020, between counsel for the parties and the court's staff attorney. A review of this email exchange indicates that the court was undertaking various safety precautions to prevent transmission of the virus, including having masks and hand sanitizer available and having surfaces wiped down with antibacterial cleaning products both nightly and during the day. The email exchange also makes clear that although counsel for appellee had spent Sunday, March 8, 2020 with his daughter and that one of her friends had recently been diagnosed positive for the coronavirus, counsel's daughter had not seen her friend for approximately one month. Despite appellants' assertion that counsel had "potential exposure to COVID-19," it is difficult to see how counsel could have been exposed to the virus given the month-long gap between his daughter having seen her friend and her friend testing positive. Notably, there is no evidence in the record that anyone at the trial contracted the virus.

{¶ 22} Furthermore, although appellants argue they were prejudiced by the trial court's denial of their motion, they fail to explain how. Appellants assert at page 16 of their brief that "the jurors could not have felt safe during their deliberations" without citing to any support for this contention, and at page 15 they point out that the jury returned its verdict "in approximately 45 minutes." Presumably, we are meant to infer that the jury didn't deliberate long enough because the jurors did not "feel safe," but there is absolutely no evidence in the record that the jury failed to properly consider all the admitted evidence or otherwise violated the oath each juror took. Nor is there any evidence in the record that any of the jurors felt pressured to reach a quick verdict due to the public health situation. Without the benefit of having a trial transcript to review it is impossible for this court to review the evidence admitted at trial, yet it is entirely plausible that the evidence was simply overwhelmingly in favor of appellee. In any event, we will not speculate as to the reason for the length of time for jury deliberations. In the absence of a trial transcript there is simply no evidence in the record of any prejudice resulting to appellants due to any jurors being concerned for their safety.

{¶ 23} Finally, we find that the circumstances of the trial were entirely consistent with the relevant official government orders that were in place at the time the trial court considered and denied appellants' motion for trial continuance. First, nothing in Executive Order 2020-01D required courts to continue jury trials. Second, the Franklin County Court

of Common Pleas Order in Response to the COVID-19 (Coronavirus) Public Health Emergency, of which we take judicial notice, was not issued until March 13, 2020–two days after the trial in this matter commenced–and only required continuances of trials beginning on March 16, 2020 or after, not trials that had already commenced.

{¶ 24} Under all the foregoing circumstances, we cannot find the trial court abused its discretion when it did not continue the jury trial. Therefore, we must find the trial court did not err when it denied appellants' motion to continue the trial, and appellants' sole assignment of error is overruled.

### IV. Disposition

{¶ 25} For the foregoing reasons, the trial court did not err in denying appellants' emergency motion for trial continuance. Having overruled appellants' sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and KLATT, JJ., concur.

———————————————