OPINION
{¶ 1} Defendant-appellant, Dante Fiocca, appeals from the August 24, 2004 judgment entry/decree of divorce of the Franklin County Court of Common Pleas, Division of Domestic Relations. For the reasons that follow, we affirm the decision of the domestic relations court.
 {¶ 2} Appellant and plaintiff-appellee, Deborah Kay Fiocca, were married on April 5, 1975. Born as issue of the marriage were two sons, Dante, born December 15, 1977 and Nicolas, born March 23, 1983. After 27 years of marriage, the parties separated in the spring of 2002, sold their marital residence and lived separate and apart from each other. Appellee maintained that appellant controlled all of the finances for the household as well as the business.
 {¶ 3} On September 24, 2002, appellee filed for divorce. Appellee alleged that appellant demonstrated a "gross neglect of duty and extreme cruelty" towards her. (Complaint for Divorce, ¶ 3.) One year and five months after the complaint for divorce was filed, the matter was set for a final hearing on February 18, 2004. Prior to the trial commencing, appellee's attorney read into the record the parties' stipulations. (Tr. 5-6.) At the one-day trial, both appellant and appellee testified. Based upon the stipulation executed by the parties, the two remaining issues before the trial court were how much appellee should be awarded in spousal support and the distribution of proceeds from the sale of real estate (Jefferson lot) owned by both parties.
 {¶ 4} Following the trial, the trial court instructed the parties to file post-trial briefs and a proposed decree of divorce. On March 5, 2004, appellee filed a proposed decree of divorce and closing arguments. Attached to appellee's proposed decree was the stipulation signed by both parties. Appellant filed a trial brief on March 5, 2004. On August 24, 2004, the trial court adopted, verbatim, the proposed decree of divorce filed by appellee. It is from this judgment entry that appellant appeals, assigning the following as error:
Appellant's Assignment of Error I:
The trial court erred and abused its Discretion by refusing to continue the trial of this matter to permit defendant-appellant to obtain counsel.
Appellant's Assignment of Error II:
The trial erred and abused its discretion by impermissably limiting defendant-appellant's right to cross examination.
Appellant's Assignment of Error III:
The trial erred and abused its discretion by impermissably limiting defendant-appellant's right to present evidence on his behalf.
 {¶ 5} In his first assignment of error, appellant argues that the trial court erred by not granting him a continuance to obtain legal representation. Appellant specifically argues that he requested a continuance to consult with an attorney regarding the proposed settlement agreement that he received on the morning of the proceedings.
 {¶ 6} It is well established under Ohio law that the decision to grant or deny a continuance lies within the sound discretion of the trial court. State v. Lorraine (1993), 66 Ohio St.3d 414, 423; State v. Unger
(1981), 67 Ohio St.2d 65, 67. The trial court's final decision will not be reversed on appeal absent an abuse of discretion. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 7} The review of a decision on a request for continuance requires the appellate court to apply a balancing test, thereby weighing the trial court's interest in controlling its own docket, including facilitating the efficient dispensation of justice, versus the potential prejudice to the moving party. Unger, supra. There are objective factors that a court must consider in determining whether to grant a continuance. These factors include the length of the delay requested; whether previous continuances have been granted; the inconvenience to the parties, witnesses, attorneys and the court; whether the request is reasonable or purposeful and contrived to merely delay the proceedings; and whether the movant contributed to the circumstances giving rise to the request. Id. at 67-68.
 {¶ 8} We do not find an abuse of discretion by the trial court. At the onset of the case, Melanie Mills represented appellant. On December 6, 2002, appellant informed the trial court that Gregg R. Lewis had been retained in substitution for Attorney Mills. However, on May 21, 2003, Attorney Lewis filed a motion for permission to withdraw as counsel of record. On June 16, 2003, the trial court granted Attorney Lewis' motion. At the hearing and in his trial brief, appellant indicated that he could not afford to retain counsel. At the hearing, the trial court informed appellant that the trial court would not grant another continuance because the case was old. (Tr. 4.) Furthermore, a review of the record reveals that numerous continuances had been previously granted in order for the parties to conduct settlement negotiations.
 {¶ 9} Considering the fact that appellant had ample opportunity to retain new counsel prior to trial, especially during the period of settlement negotiations, we cannot say the trial court, upon receiving such a request on the day of trial, abused its discretion in denying appellant's request for a postponement. Litigants have no generalized right to appointed counsel in civil actions. In re Adoption of Drake,
Clermont App. No. CA2002-08-067, 2003-Ohio-510, at ¶ 7. Furthermore, appellant does not have a right to unreasonably delay the proceedings. Nothing in the record demonstrates that appellant's failure to retain counsel could not have been avoided. Appellee waited one year and five months for the final hearing from the time of the filing of her original complaint. We cannot say that under this particular set of circumstances that the trial court was required to grant appellant's request for a continuance to obtain additional legal representation. Accordingly, appellant's first assignment of error lacks merit and is not well-taken.
 {¶ 10} In his second assignment of error, appellant argues that the trial court limited his right to cross-examine appellee. In particular, appellant specifically argues that the trial court incorrectly instructed him to limit his scope of questions on cross-examination to questions that appellee was asked on direct.
 {¶ 11} A trial court has the discretion to limit the scope of cross-examination. Berlinger v. Mt. Sinai Medical Ctr. (1990),68 Ohio App.3d 830, 838. Evid.R. 611(B) provides that "[c]ross-examination shall be permitted on all relevant matters and matters affecting credibility." Ohio does not follow the federal rule with respect to the scope of cross-examination. In Ohio, cross-examination is not limited to the subject matter of direct examination. Compare Evid.R. 611(B) with Fed.R.Evid. 611(b) ("[c]rossexamination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness. The court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination"). Rather, it is available for all matters pertinent to the case that the party calling the witness would have been entitled or required to raise. Smith v. State (1932), 125 Ohio St. 137, paragraph one of the syllabus. (Emphasis added.)
 {¶ 12} The trial court also retains wide latitude to impose reasonable limits on cross-examination based upon concerns of harassment, prejudice, confusion of the issues, the witness's safety, or interrogation that is repetitive or only marginally relevant. Delaware v. Van Arsdall
(1986), 475 U.S. 673, 679, 106 S.Ct. 1431. As such, an appellate court should be slow to disturb a trial court's ruling on the scope of cross-examination unless the trial court has abused its discretion and the party illustrates a material prejudice. Reinoehl v. Trinity UniversalIns. Co. (1998), 130 Ohio App.3d 186, 194.
 {¶ 13} In this case, because of the stipulation executed by the parties, the two issues that the trial court had to decide were that of spousal support and how the proceeds from the sale of the Jefferson lot would be distributed. Appellee's attorney, on direct examination, questioned appellee about what she believed she is entitled to in regards to spousal support based on the lifestyle that she and appellant once had and appellant's future earning potential. Appellee also testified to what she believed would be an equal distribution of proceeds from the sale of the Jefferson lot real estate. On cross-examination, appellant attempted to question appellee about their business account and a figure of $38,000 that was withdrawn from that account. Appellee's counsel objected to this line of questioning arguing that anything regarding the business account was not relevant as the company went through bankruptcy and all matters regarding the business account were settled and decided in bankruptcy court. The trial court told appellant that since appellee's counsel did not question appellee regarding the business account, that appellant was not permitted to ask appellee any questions in that regard. The trial court instructed appellant to limit his questions to those posed by appellee's counsel.
 {¶ 14} Appellant, in citing to Evid.R. 611(B), argues that this was an improper limitation of his right to cross-exam appellee. While appellant is correct that the trial court misstated the rule governing the scope of cross-examination, we find that such error was harmless under the facts of this case. In this particular case, we agree that the issue of the parties' business account which appellant wished to address was not pertinent to the divorce proceeding, as that matter was previously settled in bankruptcy court. More importantly, while appellant argues that the trial court prevented him from cross-examining appellee regarding the business account, a review of the transcript reveals that the trial court, over appellee's objection, took a relaxed approach and afforded appellant the opportunity to discuss his perspective of the bankruptcy proceedings regarding the business. (Tr. 49.) However, the trial court, after speaking with appellee's business attorney who was present at the divorce proceeding, discovered that the $38,000 was disposed of in bankruptcy court. (Tr. 53.) The trial court sustained appellee's objection and did not allow appellant to present any further testimony regarding the business account. Id. Finding no prejudicial error on the part of the trial court, appellant's second assignment of error lacks merit and is not well-taken.
 {¶ 15} In his third and final assignment of error, appellant argues that the trial court limited his right to present evidence relevant to the proceedings, thereby prejudicing appellant. Specifically, appellant is referring to the withdrawals and deposits of funds from the parties' business account.
 {¶ 16} In the absence of an affirmative showing of prejudicial error below, this court will presume regularity in the proceedings. Ostranderv. Parker-Fallis Insulation Co. (1972), 29 Ohio St.2d 72. As discussed in assignment of error number two, the matter of the parties' business account was not pertinent to the proceedings before the trial court. Furthermore, not only has appellant failed to demonstrate to this court how the evidence he was attempting to introduce was relevant to the proceedings, but appellant has also failed to demonstrate how he was prejudiced in regards to not being able to admit the testimony. The information appellant alleged was relevant and had no effect on the remaining issues to be decided by the trial court. The evidence appellant refers to relate solely to a settled bankruptcy proceeding. Appellant makes conclusory remarks regarding the impact of this evidence on his case, but fails to demonstrate to this court any actual prejudice. We are of the opinion that the refusal of the trial court in allowing appellant to admit this evidence was not prejudicial to appellant's rights. Accordingly, appellant's third assignment of error is not well-taken.
 {¶ 17} For the foregoing reasons, appellant's first, second and third assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
Brown, P.J., and French, J., concur.