[Cite as *State ex rel. Sinchak v. Chardon Local School Dist.*, 2013-Ohio-1098.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. RONALD SINCHAK, | : | **O P I N I O N** |
| | : | |
| Relator-Appellant, | : | |
| | : | **CASE NO. 2012-G-3078** |
| - vs - | : | |
| CHARDON LOCAL SCHOOL DISTRICT, | : | |
| | : | |
| Respondent-Appellee. | : | |
| | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 11M000322.

Judgment: Affirmed.

*Donald Gallick,* 190 North Union Street, #102, Akron, OH 44304 (For Relator-Appellant).

*David Kane Smith, Kathryn I. Perrico, and Lindsay Ferg Gingo,* Britton, Smith, Peters & Kalail Co., L.P.A., 3 Summit Park Drive, Suite 400, Cleveland, OH 44131 (For Respondent-Appellee).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Ronald Sinchak, appeals the summary judgment entered by the Geauga County Court of Common Pleas in favor of appellee, Chardon Local School District, on appellant's complaint for a writ of mandamus alleging that the District did not adequately respond to his multiple public records requests. We are asked to consider

whether genuine issues of material fact exist on appellant's claims, precluding summary judgment. For the reasons that follow, we affirm.

**{¶2}** Between June 2010 and February 2011, appellant submitted five public records requests to the District. First, on June 17, 2010, appellant requested all documents in the District's possession from 2008 to date that refer to various specified District employees, the Chardon Athletic Boosters, and the Chardon Baseball Club. Within one week, on June 25, 2010, the District responded to appellant's requests by producing 250 pages of public records. Between July 12, 2010 and July 30, 2010, the District supplemented its response with 950 additional pages of public records.

**{¶3}** On December 28, 2010, appellant submitted a second public records request to the District, requesting records in 16 categories. The requested records included: (1) all documents concerning the District's baseball coaches and the Chardon Baseball Club from 2008 to date, (2) all e-mails to or from several listed District employees from 2008 to date, and (3) all financial audits of the Chardon High School Athletic Boosters. Two weeks later, on January 14, 2011, the District responded to these requests. The District objected to some of these requests as not asking for records that were public records or as being ambiguous, overbroad, or not identifying with reasonable clarity the records requested. Aside from these objections, the District responded to those requests to which it was able to respond by providing appellant with 80 pages of public records.

**{¶4}** On January 17, 2011, appellant submitted a third public records request to the District, this time asking for all correspondence and e-mails to or from the District's coaches from 2008 to date. The District objected to the request as overbroad, but was

2

able to identify and produced 20 pages of public records responsive to this request on January 28, 2011.

{¶5} On February 3, 2011, appellant submitted a fourth public records request to the District, asking for all requests by non-Chardon sports teams to use the District's facilities and the District's responses to such requests from 2009 to date. On February 18, 2011, the District produced all responsive documents in its possession.

{¶6} On February 14, 2011, appellant submitted a fifth public records request to the District, seeking all e-mails, text messages, and letters between a specified District employee and the Chardon Athletic Boosters from 2009 to date. In its response, the District stated that it had previously produced several of the requested documents, and provided appellant with 50 additional pages of responsive documents.

{¶7} Thus, between June 2010 and February 2011, the District provided appellant with more than 1,300 pages of public records in response to his five public records requests. Appellant never objected to any of the District's responses. Instead, on March 22, 2011, appellant filed a complaint for a writ of mandamus.

{¶8} In his complaint, appellant asserted three claims, namely, that the District failed to produce public records (Count I); that the District destroyed public records (Count II); and that the District delayed in producing public records (Count III). In his complaint, appellant conceded that the District responded to many of his public records requests; however, he alleged it did not respond to some of them. In support, he alleged he had in his possession some e-mails that he received from other sources that were not included in the District's responses. He alleged this proved that other e-mails exist that should have been, but were not, included in the District's responses. He did

3

not attach copies of those e-mails to his complaint. Further, appellant alleged that because some records were not produced, this proved the District destroyed them. He also alleged the District delayed in providing records. Appellant requested a writ of mandamus, ordering the District to produce the requested records, a fine of $1,000 for each record destroyed, "delay damages," and attorney fees.

{¶9} The District filed an answer, denying the material allegations of the complaint and asserting various defenses, including its compliance with the Public Records Law.

{¶10} On July 19, 2011, the trial court issued a pretrial order establishing a case management schedule. The order included a discovery cutoff of November 1, 2011, and scheduled a pretrial conference on February 6, 2012.

{¶11} On July 21, 2011, the District propounded to appellant its First Set of Interrogatories and Requests for Production of Documents. Appellant responded to some of the District's discovery requests, but, as to others, he said he would answer later, but never did. For example, when asked to produce the e-mails that appellant alleged in his complaint proved that other e-mails exist, appellant did not produce them, but, rather, said he would supplement, which he never did.

{¶12} Between March 22, 2011, the date appellant filed this action, and the November 1, 2011 discovery cutoff, appellant did not conduct any discovery. Specifically, he never took the deposition of any representatives of the District, and he never propounded any interrogatories, requests for production, or requests for admission to the District.

{¶13} More than two months after the discovery cutoff, on January 9, 2012, the District filed a motion to dismiss for lack of prosecution or, in the alternative, a motion for summary judgment. In support of its motion to dismiss, the District argued that appellant failed to supplement his discovery responses and failed to conduct any discovery by the November 1, 2011 discovery cutoff.

{¶14} Alternatively, in support of its summary-judgment motion, the District filed the affidavit of its superintendent, Joseph Bergant. Mr. Bergant stated that, as to each of appellant's public records requests, the District conducted a diligent search of its electronic and paper files to identify all responsive records in its possession and, within two weeks of receipt of each of appellant's records requests, provided those records to appellant. Further, Mr. Bergant said the District did not destroy any records, but, instead, produced all responsive records in its possession to appellant.

{¶15} Appellant did not file any opposition to the District's motion for summary judgment. Thus, he did not file any affidavits or other evidentiary materials opposing summary judgment. According to the trial court's local rules, a brief in opposition to summary judgment was due to be filed within 30 days after service of the motion for summary judgment. Local Rule 7.D. Thus, appellant's brief in opposition to the District's motion for summary judgment was due to be filed on or about February 13, 2012.

{¶16} The case came on for pretrial on February 6, 2012. Following several discussions between appellant and his attorney, the parties through counsel agreed to settle the case. Counsel advised the court that the parties had settled the matter and that a dispositive entry would be forthcoming.

{¶17} On February 13, 2012, the District's counsel sent a "Release of All Claims," which included the settlement terms to which the parties agreed, to appellant's counsel for execution. However, on February 16, 2012, appellant's counsel filed a notice of withdrawal, citing his discharge by appellant on February 13, 2012. On February 17, 2012, appellant's newly retained counsel filed a notice of appearance.

{¶18} On February 28, 2012, the trial court entered an order stating that, since the court had not yet received the settlement entry as promised by the parties, unless the court received it within ten days, i.e., by March 9, 2012, the case "may be dismissed otherwise than on the merits, pursuant to C.R. 41(B)(1) and (3) and/or (C), or otherwise disposed of as the Court deems appropriate, without further notice."

{¶19} However, instead of submitting a dismissal entry, on March 5, 2012, appellant filed a motion for the court "to set new discovery date," requesting an additional 90 days to conduct discovery. In support, appellant stated (1) that he asked his former counsel to conduct discovery, but he never did, and (2) that appellant did not agree to the terms of the settlement.

{¶20} On March 16, 2012, the District filed its brief in opposition to appellant's request for a new discovery cutoff and a motion to enforce the parties' settlement. The District argued that appellant was not entitled to any more time to conduct discovery because the case had been pending for one year, and appellant had not conducted any discovery. Further, the District argued the court should enforce the parties' settlement because appellant, through counsel, agreed to the terms of the settlement in the presence of the trial court.

{¶21} The trial court entered judgment on April 27, 2012, ruling on the pending motions. The court denied the District's motion to enforce the settlement agreement, finding that the parties' attorneys are not their agents for purposes of settlement. The court also denied the District's motion to dismiss for failure to prosecute because the District had never moved for an order to compel appellant to respond to its discovery requests and the court did not order appellant to conduct discovery.

{¶22} The trial court denied appellant's motion for an additional 90 days to conduct discovery, finding that appellant did not file any opposition to the District's motion for summary judgment and also finding that, after it set a discovery deadline of November 1, 2011, appellant never conducted any discovery, despite having ample opportunity to do so.

{¶23} Further, the trial court granted the District's motion for summary judgment, finding the affidavit of Superintendent Bergant satisfied the District's burden to show the absence of any genuine issue of material fact. The court noted that Mr. Bergant stated the District conducted a diligent search of its records upon receipt of appellant's public records requests and timely responded by producing more than 1,000 pages of public records. Further, Mr. Bergant stated the District did not destroy any records. The court found that appellant failed to meet his reciprocal burden to provide evidentiary quality material showing a genuine issue of fact. The court noted that appellant did not provide any opposing affidavit or other evidence of an inadequate records search by the District or of any delay or records destruction.

{¶24} Appellant appeals the trial court's judgment, asserting three assignments of error. For his first assigned error, he alleges:

7

**{¶25}** "The trial court abused its discretion by denying replacement counsel's request for additional time to conduct discovery."

**{¶26}** As a preliminary matter, we note that in appellant's motion for a new discovery cutoff, he did not state whether it was a motion to enlarge the discovery cutoff pursuant to Civ.R. 6 or a motion for continuance of the time to oppose summary judgment pursuant to Civ.R. 56(F). However, because appellant did not ask for a continuance to obtain affidavits or discovery to oppose summary judgment, as required by Civ.R. 56(F), but, rather, simply asked for an enlargement of the discovery cutoff, we conclude that appellant's motion was a Civ.R. 6 motion to enlarge.

**{¶27}** Civ.R. 6(B)(2) permits a party to request, after the original time period for an act has already expired, additional time within which to act, if the failure to act was the result of excusable neglect. Since appellant filed his motion for a new discovery cutoff after the original cutoff expired, he was required to show his failure to conduct discovery within the original cutoff was the result of excusable neglect. We review a trial court's ruling on a Civ.R. 6 motion for extension of time for an abuse of discretion. *Davis v. Immediate Medical Services, Inc.*, 80 Ohio St.3d 10, 14 (1997).

**{¶28}** The Supreme Court of Ohio has stated that simple attorney neglect without the presence of substantial extenuating circumstances, such as sudden illness or natural disaster, does not constitute excusable neglect, which would justify an extension of time under Civ.R. 6. *State ex rel. Lindenschmidt v. Bd. of Commrs.*, 72 Ohio St.3d 464, 466 (1995); *Winters v. Teledyne Movible Offshore*, 776 F.2d 1304, 1306 (5th Cir.1985.)

8

{¶29} Similarly, the demands of being a busy lawyer or of being preoccupied with other litigation does not constitute excusable neglect. *Lepkowski v. U.S. Dept. of Treasury*, 804 F.2d 1310, 1313 (D.C.Cir.1986); *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir.1986) (attorney's negligent failure to respond to a motion does not constitute excusable neglect, even if that attorney is preoccupied with other litigation).

{¶30} In *GTE v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), the Supreme Court stated that in a civil case, the simple, inexcusable neglect of a party's attorney is imputed to the party. *Id*. at 152. The Court stated that a party voluntarily chooses the attorney he retains to represent him, and the party cannot avoid the consequences of the acts or omissions of his freely selected attorney. *Id*. The Court stated that any other notion would be inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer, and is considered to have notice of all facts with which his attorney is charged. *Id*. The Court stated that if an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. *Id*. The Court stated that keeping the suit alive merely because the party should not be penalized for the neglect of his own attorney would result in unfairly penalizing the adverse party. *Id.*

{¶31} As noted above, in order for attorney neglect to constitute *excusable* neglect justifying an extension of time, the movant must demonstrate substantial extenuating circumstances, such as sudden illness or natural disaster. *Lindenschmidt*, *supra*. In *Lindenschmidt*, the Supreme Court held that the board's counsel's eye surgery, which necessitated a longer than anticipated period of recovery, constituted

excusable neglect. Similarly, the Twelfth District in *Bluffs of Wildwood Homeowners' Assn. v. Dinkel*, 96 Ohio App.3d 278, 281 (12th Dist.1994), held that personal and family illness may constitute excusable neglect. Further, in *Brenner v. Shore*, 34 Ohio App.2d 209, 211-216 (10th Dist.1973), the Tenth District held that severe emotional strain resulting in hospitalization for complete physical and mental collapse may constitute excusable neglect.

{¶32} Here, appellant made no showing of excusable neglect. In his affidavit in support of his motion for a new discovery cutoff, appellant stated his counsel did not follow his instructions to conduct discovery. However, while such inaction constitutes neglect, without more, it is not excusable. *Lindenschmidt*, *supra.* In appellant's affidavit, he does not allege any substantial extenuating circumstances that would excuse his attorney's neglect. In light of appellant's failure to demonstrate excusable neglect, his counsel's neglect was inexcusable and it is thus imputed to appellant. As a result, the trial court did not abuse its discretion in denying appellant's Civ.R. 6 motion for a new discovery cutoff.

{¶33} Moreover, even if we were to construe appellant's motion for a new discovery cutoff as having been filed pursuant to Civ.R. 56(F), the motion would still lack merit. Civ.R. 56(F) sets forth the procedure a party must follow if he cannot obtain an affidavit necessary to oppose the adverse party's motion for summary judgment. *Smallwood v. Samuelson*, 7th Dist. No. 89-C-5, 1990 Ohio App. LEXIS 1366, *3. Civ.R. 56(F) provides, in relevant part:

{¶34} Should it appear from the affidavits of a party opposing the motion

for summary judgment that he cannot for sufficient reasons stated

10

present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

{¶35} In *Gates Mills Investment Co. v. Pepper Pike*, 59 Ohio App.2d 155 (8th Dist.1978), the Eighth District stated that Civ. R. 56(F) affords a party a mechanism whereby he can seek a continuance to respond to a motion for summary judgment so that he can obtain affidavits opposing the summary-judgment motion or conduct discovery relevant to it. *Id*. at 168-169. Civ. R. 56(F) requires the party opposing summary judgment to submit affidavits with sufficient reasons stating why he cannot present by affidavit facts sufficient to justify his opposition to summary judgment. *Id*. *Mere allegations requesting a continuance for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment. Id*. There must be a factual basis presented and reasons given why he cannot present facts essential to his opposition to summary judgment. *Id*.

{¶36} The court's decision on a motion for continuance under Civ.R. 56(F) will only be reversed on a showing of an abuse of discretion. *Id*.

{¶37} In appellant's affidavit in support of his motion for a new discovery cutoff, he did not provide any reasons why he could not present evidence essential to his opposition to summary judgment. He did not seek a continuance so he could obtain affidavits or discovery necessary to oppose summary judgment. In fact, appellant did not even refer to the District's motion for summary judgment in his affidavit or state that his motion for a new discovery cutoff had anything to do with the District's summary-

11

judgment motion. His motion was nothing more than a request for an extension of the discovery cutoff to conduct discovery, which is not sufficient to warrant a continuance under Civ.R. 56(F). *Gates Mills Investment Co.*, *supra.*

{¶38} As an aside, we note that appellant did not provide any reasonable explanation as to why he waited one year while this case was pending and four months after the discovery cutoff expired before moving the court for a new discovery cutoff.

{¶39} We also note that, although replacement counsel had represented appellant for one month before appellant filed his motion for a new discovery cutoff, appellant did not attach to his motion any proposed discovery, by way of notices of deposition, interrogatories, requests for production, requests for admission, or otherwise.

{¶40} Appellant's reliance on *Whiteleather v. Yosowitz*, 10 Ohio App.3d 272 (8th Dist.1983), in which the Eighth District reversed the trial court's denial of a Rule 56(F) motion, is misplaced as it is factually distinguishable. In *Whiteleather*, the plaintiff-patient in a medical malpractice case moved the trial court for a one-month continuance pursuant to Civ.R. 56(F) so he could take the deposition of an expert he said he needed to rebut the expert report submitted by the defendant on summary judgment. There was no suggestion the plaintiff or his counsel was negligent in not conducting discovery. Moreover, the defendant did not oppose the plaintiff's request for a continuance.

{¶41} Thus, even if appellant's motion for a new discovery cutoff was filed pursuant to Civ.R. 56(F), the trial court did not abuse its discretion in denying it.

{¶42} Appellant's first assignment of error is overruled.

{¶43} For his second assigned error, appellant contends:

12

{¶44} "The trial court committed reversible error by granting summary judgment."

{¶45} Summary judgment is proper when: "(1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party, that party being entitled to have the evidence construed most strongly in his favor." *Frano v. Red Robin International, Inc.*, 181 Ohio App.3d 13, 2009-Ohio-685, ¶12 (11th Dist.).

{¶46} The party seeking summary judgment on the ground that the nonmoving party cannot prove his case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).

{¶47} The moving party must point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support his claim. *Id.* at 293. If this initial burden is not met, the motion for summary judgment must be denied. *Id.* However, if the moving party has satisfied his initial burden, the nonmoving party then has a reciprocal burden, as outlined in Civ.R. 56(E), to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against him. *Id.*

{¶48} Since a trial court's ruling on a motion for summary judgment involves only questions of law, we conduct a de novo review of the trial court's judgment. *DiSanto v. Safeco Ins. of Am.*, 168 Ohio App.3d 649, 2006-Ohio-4940, ¶41 (11th Dist.).

13

{¶49} With respect to Count I of the complaint, alleging that the District failed to produce public records pursuant to the Public Records Law, R.C. 149.43(C)(1) provides that if a person is allegedly aggrieved by the failure of a public office to make a public record available to the person for inspection, he may commence a mandamus action to obtain a judgment that orders the public office to make such record available.

{¶50} Further, with respect to Count II, alleging that the District destroyed public records, R.C. 149.351(B) provides that any person who is aggrieved by the alleged destruction of a public record may commence a civil action to recover a forfeiture in the amount of one thousand dollars for each violation.

{¶51} Finally, with respect to Count III, alleging that the District delayed in producing public records, R.C. 149.43(B)(1) provides that, upon request, all public records responsive to a public records request shall promptly be made available for inspection, and a public office responsible for the records shall make copies of them available within a reasonable period of time.

{¶52} In support of the District's motion for summary judgment, it presented the affidavit of its superintendent, Joseph Bergant. Mr. Bergant stated that, as to each of appellant's public records requests, the District conducted a diligent search of its files to identify all responsive records in its possession, and within two weeks of receipt of each of appellant's records requests, provided the records to him. Mr. Bergant stated that the District produced more than 1,000 pages of responsive records to appellant. Further, Mr. Bergant said that the District did not destroy any records.

{¶53} Based on Mr. Bergant's affidavit, the District demonstrated there was no genuine issue of material fact with respect to any of appellant's three claims. The

14

District thus satisfied its initial burden under Civ.R. 56(C). According to the trial court's local rules, appellant's opposition to summary judgment was due to be filed on or about February 13, 2012. As noted above, appellant filed no opposition to summary judgment. Thus, as of April 27, 2012, the date on which the trial court entered summary judgment, appellant was more than two months out of rule. By not filing any opposition to summary judgment, appellant failed to meet his reciprocal burden under Civ.R. 56(E) to set forth facts showing there was a genuine issue for trial. Appellant did not submit any affidavits or other evidentiary materials in opposition to summary judgment. Instead, two months after the District filed its summary-judgment motion and after the trial court notified the parties the action may be dismissed if the promised settlement entry was not submitted, appellant simply filed a motion for a new discovery cutoff.

{¶54} Appellant argues that Mr. Bergant's affidavit did not demonstrate there was no genuine issue of material fact. However, appellant does not explain how Mr. Bergant's affidavit failed to demonstrate the lack of an issue for trial. Appellant argues the court should not have entered summary judgment after he filed his motion for "a new discovery schedule." Appellant does not reference any authority in support of this argument. Moreover, our independent research does not support his contention. "[W]hen a party fails to request a continuance pursuant to Civ.R. 56(F), a trial court generally is free to consider a motion for summary judgment." *Vanest v. Pillsbury Co.*, 124 Ohio App.3d 525, 531, fn. 3 (4th Dist.1997), citing *BFI Waste Sys. of Ohio v. Garfield Hts.*, 94 Ohio App.3d 62, 74 (8th Dist.1994). Because appellant did not file a motion for continuance under Civ.R. 56(F), the trial court was free to rule on the District's motion for summary judgment.

{¶55} In any event, even if appellant's motion for a new discovery cutoff was filed under Civ.R. 56(F), because he failed to comply with the requirements of that rule, as shown above, the court did not err in ruling on the District's summary-judgment motion. *BFI Waste Sys.*, *supra*.

{¶56} We therefore hold the trial court did not err in granting the District's motion for summary judgment.

{¶57} Appellant's second assignment of error is overruled.

{¶58} For his third and final assignment of error, appellant alleges:

{¶59} "The trial court abused its discretion in refusing to schedule an evidentiary to hearing [sic] to determine whether or not relator agreed to the monetary settlement offered by respondent."

{¶60} In the trial court's judgment ruling on the parties' pending motions, the court denied the District's motion to enforce the parties' settlement. Despite this ruling, appellant argues the trial court should have scheduled an evidentiary hearing to determine if he agreed to accept the settlement agreement. However, appellant did not move the trial court for such a hearing. Thus, appellant's argument is waived. *State v. Awan*, 22 Ohio St.3d 120, 122 (1986). In any event, since the trial court denied the District's motion to enforce the settlement, an evidentiary hearing on that motion would have been useless because the court ruled in appellant's favor. This assignment of error is therefore moot.

{¶61} Appellant's third assignment of error is overruled.

16

{¶62} For the reasons stated in the opinion of this court, appellant's assignments of error are overruled. It is the judgment and order of this court that the judgment of the Geauga County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.