[Cite as *Moore v. Trumbull Mem. Hosp.*, 2016-Ohio-1366.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| SHANNON MOORE, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2015-T-0020** |
| WARREN OHIO HOSPITALS CO., LLC, dba TRUMBULL MEMORIAL HOSPITAL, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2014 CV 0244.

Judgment:  Reversed and remanded.


*Ned C. Gold, Jr.* and *Sarah Thomas Kovoor*, Ford, Gold, Kovoor & Simon, Ltd., 8872 East Market Street, Warren, OH  44484 (For Plaintiff-Appellant).

*Frank G. Mazgaj,* Hanna, Campbell & Powell, L.L.P., 3737 Embassy Parkway, Suite 100, P.O. Box 5521, Akron, OH  44333 (For Defendant-Appellee).



COLLEEN MARY O'TOOLE, J.

{¶1}    Appellant, Shannon Moore, appeals from the February 13, 2015 judgment of the Trumbull County Court of Common Pleas, granting appellee's, Warren Ohio Hospitals Co., LLC, dba Trumbull Memorial Hospital ("TMH"), motion for summary judgment.[1]  Ms. Moore, a state tested nursing aid ("STNA"), claims TMH terminated her

---

1. In that entry, the trial court incorrectly listed the defendant as "Valley Care Health System."  On May 4, 2015, this court remanded the matter for the trial court to clarify whether the defendant is Valley Care

employment because she is African American and her health privacy rights were violated. On appeal, Ms. Moore asserts the trial court improperly limited her opportunity to obtain discovery; prematurely ruled on TMH's motion for summary judgment before first ruling on her motion to compel discovery; and erred in granting summary judgment on her claim that TMH improperly disclosed her personal information. For the reasons stated, we reverse and remand.

{¶2} Ms. Moore began working at TMH as an STNA on January 4, 2011.[2] She indicated she was legally taking several prescription drugs for various ailments including Gabapentin, Percocet, and Valium. Ms. Moore signed TMH's "Work Rules" which state that discourteous treatment of other employees and patients may result in termination.

{¶3} In the spring of 2013, Percocet came up missing during a midnight shift. As a result, every employee working that shift, including Ms. Moore, took a required drug test. MRO, the company analyzing the results, contacted Ms. Moore to inquire about her prescriptions because her drug test came back positive. After the company verified Ms. Moore's prescriptions, it informed TMH that her test was negative.

{¶4} Thereafter, employees, including Ms. Moore, were required to take a second drug test. This second screening was simply a random test. Ms. Moore was quite upset that she was required to take two drug tests within a month of each other. MRO attempted to contact Ms. Moore to verify her prescriptions once again. However, MRO was unable to reach her.

---

Health System or Warren Ohio Hospitals Co., LLC, dba Trumbull Memorial Hospital. Pursuant to this court's remand, the trial court filed an entry on May 13, 2015 indicating that it misidentified the defendant in its February 13, 2015 entry, and that the correct name of the defendant is Warren Ohio Hospitals Co., LLC, dba Trumbull Memorial Hospital.

2. Ms. Moore's deposition was taken on August 20, 2014.

**{¶5}** In the meantime, Ms. Moore requested to be paid for vacation hours she had accumulated rather than take days off. On April 26, 2013, Ms. Moore inquired about the missing vacation hours on her paycheck. While at TMH, Ms. Moore claims her privacy was invaded because she was told by the chief nurse officer, within earshot of other employees and her young daughter, she needed to verify a positive drug screen. Ms. Moore stresses the positive test results were not from illicit drug use, but rather because of legally prescribed drugs.

**{¶6}** Regarding her paycheck, Ms. Moore was redirected several places in order to help her with the missing hours. Ms. Moore had an incident with human resources. She became discourteous toward other employees. She began yelling at them and speaking in a rude, very loud, hateful tone of voice. Apparently, no resolution to the paycheck issue would be made until the drug test issue was resolved.

**{¶7}** Michael Konitsney, president of Local 2804, had personal contact with Ms. Moore on April 26, 2013, after receiving a call from human resources.[3] Mr. Konitsney stated "[he] raised [his] voice at [Ms. Moore] on two or three occasions because she was so irate and - - and talking so loud and forcefully, [he] was trying to understand what she was saying." Mr. Konitsney described Ms. Moore's behavior as "very unruly." He said "[s]he wanted her paycheck, she wanted it right then."

**{¶8}** On May 16, 2013, TMH sent Ms. Moore a "Separation Notice" indicating her employment was terminated. The notice set forth numerous instances where Ms. Moore failed to meet expectations, including: six instances of failure to perform job duties which were detrimental to patient care; one instance of discourteous treatment of patients; and three instances of discourteous treatment of other employees.

---

3. Mr. Konitsney's deposition was taken on August 21, 2014.

3

**{¶9}** As a result of her termination, Ms. Moore filed a complaint on February 4, 2014, alleging she was terminated from TMH due to racial discrimination. TMH filed an answer on February 21, 2014. Thereafter, on August 20, 2014, Ms. Moore filed an amended complaint in which she included a claim for invasion of privacy. TMH filed an answer on September 2, 2014.

**{¶10}** On December 31, 2014, TMH filed a motion for summary judgment. On January 22, 2015, Ms. Moore filed a "Motion to Compel and Motion for Sanctions" alleging that TMH had not responded to a September 19, 2014 interrogatories and documents request.[4] On that same date, Ms. Moore also filed a memorandum in response to TMH's motion for summary judgment. On February 9, 2015, TMH filed a reply brief.

**{¶11}** On February 13, 2015, the trial court granted summary judgment in favor of TMH. Ms. Moore timely appealed and presents the following two assignments of error:

**{¶12}** "[1.] The Trial Court abused its discretion in rendering summary judgment before allowing Plaintiff-Appellant an opportunity to have the discovery requested of Defendant-Appellee five months before Plaintiff-Appellant was forced to file 'PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR SANCTIONS' in order to have adequate opportunity to respond to Defendant-Appellee's pre-maturely filed 'MOTION FOR SUMMARY JUDGMENT.'"

**{¶13}** "[2.] THE TRIAL COURT ERRED AS A MATTER OF LAW BY TAKING A VERY NARROW VIEW OF THE PLAINTIFF-APPELLANT'S CLAIM FOR BREACH OF CONFIDENTIALITY REGARDING THE WRONGFUL DISCLOSURE BY DEFENDANT-

---

4. The trial court did not rule on Ms. Moore's motion.

4

APPELLEE, THROUGH ITS AGENTS, OR PLAINTIFF-APPELLANT'S CONFIDENTIAL PERSONAL HEALTH INFORMATION."

{¶14} Ms. Moore takes issue with the trial court's granting summary judgment in favor of TMH.

{¶15} "Summary judgment is a procedural tool that terminates litigation and thus should be entered with circumspection. *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 66 * * * (1993). Summary judgment is proper where (1) there is no genuine issue of material fact remaining to be litigated; (2) the movant is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and, viewing the evidence in the non-moving party's favor, that conclusion favors the movant. *See e.g.* Civ.R. 56(C).

{¶16} "When considering a motion for summary judgment, the trial court may not weigh the evidence or select among reasonable inferences. *Dupler v. Mansfield Journal Co.,* 64 Ohio St.2d 116, 121 * * * (1980). Rather, all doubts and questions must be resolved in the non-moving party's favor. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 359 * * * (1992). Hence, a trial court is required to overrule a motion for summary judgment where conflicting evidence exists and alternative reasonable inferences can be drawn. *Pierson v. Norfork Southern Corp.*, 11th Dist. No. 2002-A-0061, 2003-Ohio-6682, ¶36. In short, the central issue on summary judgment is, 'whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-252 * * * (1986). On appeal, we review a trial court's entry of summary judgment de novo. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105 * * *

5

(1996)." *Meloy v. Circle K Store*, 11th Dist. Portage No. 2012-P-0158, 2013-Ohio-2837, ¶5-6. (Parallel citations omitted.)

{¶17} Ms. Moore's first assignment of error is dispositive of this appeal. In her first assignment, Ms. Moore argues the trial court erred in granting TMH's motion for summary judgment. Ms. Moore alleges the court did not allow her an adequate opportunity to complete discovery before ruling on the summary judgment motion. She contends the court should have first ruled on her "Motion to Compel and Motion for Sanctions" before granting summary judgment in favor of TMH.

{¶18} Appellate courts generally apply the abuse of discretion standard when reviewing discovery rulings. *State ex rel. Sawyer v. Cuyahoga Cty. Dept. of Children and Family Servs.*, 110 Ohio St.3d 343, 2006-Ohio-4574, ¶9. Regarding this standard, we recall the term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.).

{¶19} This court stated in *Deutsche Bank Natl. Trust Co. v. Germano*, 11th Dist. Portage No. 2012-P-0024, 2012-Ohio-5833, ¶28-30:

{¶20} "'In interpreting Civ.R. 56(F), this court has indicated that a trial court should apply the rule liberally to ensure that the nonmoving party in any summary judgment exercise has sufficient time to discover any fact which is needed to properly rebut the argument of the moving party.' *Marshall v. Silsby*, 11th Dist. No. 2004-L-094,

6

2005-Ohio-5609, ¶18, citing *King v. Zell*, 11th Dist. No. 97-T-0186, 1998 Ohio App. LEXIS 6364, *10 (Dec. 31, 1998). The nonmoving party's right to additional discovery time, however, is not absolute in every instance. To be entitled to a continuance under the rule, the nonmoving party has the burden of establishing a sufficient reason for the additional time. *Id.*, citing *Kane v. Kane*, 10th Dist. No. 02-AP-933, 2003-Ohio-4021, ¶14. 'That is, the party requesting more time must show that the additional discovery will actually aid in either the demonstration or negation of a fact relevant to an issue in the motion for summary judgment.' *Id.*, citing *King* 1998 Ohio App. LEXIS 6364 at *11.

{¶21} "'(B)ecause such a request for additional time under Civ.R. 56(F) involves a matter of discovery, the disposition of such a request falls within the sound discretion of a trial court.' *Id.* at ¶19, citing *Westcott v. Assoc. Estates Realty Corp.*, 11th Dist. Nos. 2003-L-059 and 2003-L-060, 2004-Ohio-6183, ¶17. 'Thus, the ruling of the trial court will be upheld on appeal unless it can be shown that the decision was arbitrary, unreasonable or unconscionable.' *Id.*

{¶22} "'(W)here discovery proceedings would not, if allowed to proceed, aid in the establishment or negation of facts relating to the issue to be resolved, Ohio's appellate courts have been reluctant to find that the trial court abused its discretion by granting a motion for summary judgment before the discovery proceedings were completed.' *King* 1998 Ohio App. LEXIS 6364 at *11, citing *Ball v. Hilton Hotels*, 32 Ohio App.2d 293, 295 * * * (1st Dist.1972). *See also Gates Mills Investment Co. v. Pepper Pike*, 59 Ohio App.2d 155 * * * (8th Dist.1978)." (Parallel citations omitted.)

7

{¶23} This court also stated in *Waldorf v. Waldorf*, 11th Dist. Trumbull No. 2013-T-0094, 2015-Ohio-1207, ¶11:

{¶24} "When an appellate court reviews a trial court's ruling on a motion to continue, the court ""appl(ies) a balancing test, thereby weighing the trial court's interest in controlling its own docket, including the efficient dispensation of justice, versus the potential prejudice to the moving party."" *In re K.M.D.*, 4th Dist. Ross No. 11CA3289, 2012-Ohio-755, ¶50, quoting *Foley v. Foley*, 10th Dist. Franklin Nos. 05AP-242 & 05AP-463, 2006-Ohio-946, ¶16, quoting *Fiocca v. Fiocca*, 10th Dist. Franklin No. 04AP-962, 2005-Ohio-2199, ¶7. In dealing with a motion to continue, a trial court should consider the following factors: (1) the length of the delay requested; (2) whether other continuances have been requested and received; (3) the inconvenience to litigants, witnesses, opposing counsel and the court; (4) whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; (5) whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and (6) other relevant factors, depending on the unique facts of each case. *K.M.D.* at ¶51, quoting *State v. Unger*, 67 Ohio St.2d 65, 67-68 * * * (1981)." (Parallel citation omitted).

{¶25} Before a court may rule on summary judgment, it must allow the parties adequate opportunity to complete discovery (prior to acting on a prematurely filed motion for summary judgment.) However, that did not happen in this case. Rather, the record before us establishes that TMH filed a motion for summary judgment on December 31, 2014 *before* it had responded to discovery properly served on it by Ms. Moore on September 19, 2014.

8

{¶26} Here, months went by without any response to the discovery. Ms. Moore's counsel inquired of TMH's counsel as to the status of responses. TMH's counsel was apologetic and indicated he could not find the discovery requests. Ms. Moore's counsel, therefore, emailed him a set. However, for six weeks, no response.

{¶27} A few days after the motion for summary judgment was filed, Ms. Moore's counsel emailed TMH's counsel noting her intent to file a motion to compel and for sanctions. Once again, no response. As a result, on January 22, 2015, Ms. Moore filed a "Motion to Compel and Motion for Sanctions" and a memorandum in response to TMH's motion for summary judgment. The discovery Ms. Moore sought by way of interrogatories and document requests was attached to her motion to compel. Again, no response. Instead, on February 9, 2015, TMH filed a reply brief to its motion for summary judgment.

{¶28} The trial court never acted on Ms. Moore's timely filed motion to compel. A review of her motion to compel reveals it was well laid out. By implication, Ms. Moore requested more time pursuant to Civ.R. 56(F) in her motion. Thus, her motion to compel, in essence, was a motion to delay ruling on TMH's motion for summary judgment, i.e., the motion to compel was a de facto Civ.R. 56(F) motion. The trial court erred in not construing it as such and in not granting the motion to compel. With respect to the concept of judicial economy, the trial court had a duty to clear discovery before ruling on the motion for summary judgment.

{¶29} Based on the facts presented, the trial judge had an independent duty to get discovery resolved. We find the trial court abused its discretion by glossing over the fact that discovery was ongoing, that Ms. Moore had made timely and reasonable

9

efforts to get TMH to respond to her discovery, that TMH failed and/or refused to respond to Ms. Moore's counsel's requests, and that there had not been any inordinate delays in the proceedings. We further find the trial court erred in proceeding to grant summary judgment to TMH without ruling on Ms. Moore's motion to compel. We agree with Ms. Moore's contention that "[t]he [c]ourt effectively estopped [her] halfway around the track and gave [TMH] the win before the race was over."

{¶30} Ms. Moore's first assignment of error is with merit.

{¶31} In her second assignment of error, Ms. Moore asserts the trial court erred as a matter of law in granting TMH's motion for summary judgment on her claim for invasion of privacy. Ms. Moore further contends her invasion of privacy claim is also a claim for breach of confidentiality and wrongful disclosure with respect to her personal health information.

{¶32} Based on our disposition in Ms. Moore's first assignment of error, her second assignment is moot. *See* App.R. 12(A)(1)(c).

{¶33} For the foregoing reasons, appellant's first assignment of error is well-taken and her second assignment of error is moot. The judgment of the Trumbull County Court of Common Pleas is reversed and the matter is remanded for further proceedings consistent with this opinion.


TIMOTHY P. CANNON, J., concurs in part and concurs in judgment only in part with a Concurring Opinion,

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.

_____

10

TIMOTHY P. CANNON, J., concurring in part and concurring in judgment only in part.

{¶34} I agree the trial court abused its discretion when it failed to rule on appellant's motion to compel and resolve the discovery issue before granting appellee's motion for summary judgment. I do not agree, however, that reaching this conclusion requires us to recast appellant's "motion to compel" as a "Civ.R. 56(F) motion for additional time."

{¶35} Civil Rule 56 outlines the procedural and substantive requirements of the summary judgment exercise. Section F provides, in part, that when a party "cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition," the trial court has the discretion to deny the motion, order a continuance for the purpose of resolving discovery, or "make such other order as is just." Civ.R. 56(F).

{¶36} Following the United States Supreme Court, the Ohio Supreme Court has advised that "'Rule 56 should be cautiously invoked to the end that parties may always be afforded a trial where there is a bona fide dispute of facts between them.'" *Tucker v. Webb Corp.*, 4 Ohio St.3d 121, 122 (1983), quoting *Assoc. Press v. United States*, 326 U.S. 1, 6 (1945). The purpose of Section F, therefore, is to provide protection to parties who require additional time to discover facts essential to the case before responding to a motion for summary judgment on the merits. *See Simeone v. Girard City Bd. of Educ.*, 171 Ohio App.3d 633, 2007-Ohio-1775, ¶56 (11th Dist.), citing *Tucker*, *supra*.

{¶37} In *Tucker*, the Ohio Supreme Court applied Civ.R. 56(F) protection to a nonmoving party who had not specifically invoked the rule. Mr. Tucker filed a memorandum in opposition to the motion for summary judgment, in which he requested

11

additional time for discovery in order to properly respond on the merits. *Tucker*, *supra*, at 122. The Supreme Court acknowledged Mr. Tucker's position that the motion for summary judgment had been filed prior to the institution of any substantial discovery. *Id.* at 122, fn. 2. The issue thus became "whether the trial court had sufficient evidence before it in order to make a just and proper decision," not whether the appellant had requested additional time in strict compliance with Civ.R. 56(F). *Id.* at 122. The Supreme Court held the trial court had erred by granting summary judgment:

> Taking into account the ramifications of a summary disposition, we believe that the courts below should have been more cautious in determining whether any genuine issues of material fact existed * * *. One cannot weigh evidence most strongly in favor of one opposing a motion for summary judgment when there is a dearth of evidence available in the first place.

*Tucker*, *supra*, at 123.

{¶38} Here, appellee failed and refused to respond to basic requests for discovery. Appellee then filed its motion for summary judgment, well after the requested discovery was due and, thus, before appellant received the discovery to which she was entitled. Appellant, on the other hand, had provided the discovery requested by appellee. Significant to this case, appellant was prevented by the actions of appellee's counsel from discovering, and thus presenting to the court, basic facts that may have been essential to her case. The issue, therefore, is the same as in *Tucker*: "whether the trial court had sufficient evidence before it in order to make a just and proper decision." Whether appellant complied with Civ.R. 56(F) is not pertinent to the disposition of this appeal. *See Steele v. Mara Enter.*, 10th Dist. Franklin No. 09AP-102, 2009-Ohio-5716, ¶31, citing *Tucker*, *supra* (stating "a motion may not always be

required if the party seeking additional discovery effectively communicates to the court, by some other means, that substantial discovery has not yet occurred").

{¶39} As a result, the cases cited by the dissent as "clear precedent" of this court concerning the application of Civ.R. 56(F) are clearly distinguishable. Here, there was a violation of the rules of civil procedure, which was detailed in appellant's motion to compel. Under the circumstances, there was no need to submit an additional affidavit.

{¶40} Once appellee complies with the discovery requests of appellant, it should become more clear whether appellant's claims have merit. Based on appellee's failure to comply and cooperate with the discovery process, appellee should not have been entitled to have this case resolved by summary judgment.

{¶41} I would hold the trial court should not have ruled on appellee's motion for summary judgment at a time when appellee had failed and refused to respond to the basic discovery requests of appellant. As a result, the trial court abused its discretion by failing to rule on appellant's motion to compel before it issued its final judgment. I concur with the majority that this renders appellant's second assignment of error moot.

_____

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.

{¶42} I dissent from the opinion and judgment of this court, reversing this matter based on the conclusion that Moore should have had an "adequate opportunity to complete discovery." *Supra* at ¶ 17. The majority's failure to consider the procedural deficiencies in the record results in a decision that is inconsistent with the clear

13

precedent of this court and case law throughout Ohio. Thus, the trial court's judgment should be affirmed.

{¶43} The majority contends that Moore was denied the opportunity to complete discovery before the trial court proceeded to rule on TMH's motion for summary judgment. To delay this ruling, Moore was required to take the appropriate action pursuant to the clear mandates of the Civil Rules, a fact that the majority fails to recognize. Moore's failure to avail herself of this procedure justified the trial court's action.

{¶44} Pursuant to Civ.R. 56(F), "[s]hould it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court * * * may order a continuance to permit affidavits to be obtained or discovery to be had."

{¶45} As an initial matter, Moore did not file a Civ.R. 56(F) motion but a Motion to Compel, which was not the proper avenue for pursuing a continuance of summary judgment for discovery purposes. Even when construing her motion as a Civ.R. 56(F) motion, however, Moore failed to comply with the requirements to receive the delay she now argues was proper.

{¶46} This court has unambiguously held that denial of a Civ.R. 56(F) motion is warranted if an affidavit to support the motion is not submitted. "A party seeking a Civ.R. 56(F) continuance must support the motion by affidavits, and if such affidavits are not presented the court is free to rule on the motion for summary judgment." *Wells Fargo Bank, N.A. v. Shingara*, 11th Dist. Geauga No. 2007-G-2764, 2007-Ohio-6154, ¶ 12. In *Shingara*, the appellant failed to submit an affidavit to support her claim that

14

additional time was needed to obtain evidence, and thus, the court properly denied her request to delay ruling on the motion for summary judgment. *Id.* at ¶ 18*; Reigles v. Urban*, 11th Dist. Lake No. 2009-L-139, 2010-Ohio-4427, ¶ 13.

**{¶47}** Other districts have reached similar holdings, that the failure to include "the required affidavit" renders a Civ.R. 56(F) motion defective, and justifies the denial of the request to continue summary judgment, since appellants must "take measures available under the Civil Rules" to enforce their discovery rights. *Home S. & L. Co. of Youngstown, Ohio v. Avery Place, LLC*, 10th Dist. Franklin Nos. 11AP-1152 and 11AP-1153, 2012-Ohio-6255, ¶ 18-19; *Theisler v. DiDomenico*, 140 Ohio App.3d 379, 383, 747 N.E.2d 859 (7th Dist.2000).

**{¶48}** As the majority notes in its opinion, Moore was required to show that extra time for discovery would "actually aid in either the demonstration or negation of a fact relevant to an issue in the motion for summary judgment." *Supra* at ¶ 20. It has been held repeatedly that merely alleging that a continuance is necessary for discovery does not provide a sufficient basis for continuing a ruling on a motion for summary judgment. Specific facts as to why the party cannot properly oppose summary judgment at the time must be presented. *State ex rel. Sinchak v. Chardon Local School Dist.,* 11th Dist Geauga No. 2012-G-3078, 2013-Ohio-1098, ¶ 35, citing *Gates Mills Invest. Co. v. Pepper Pike,* 59 Ohio App.2d 155, 168-169, 392 N.E.2d 1316 (8th Dist.1978).

**{¶49}** The majority, although correctly citing the foregoing principles, fails to point to any valid showing by Moore of what evidence would aid in demonstrating relevant facts. Here, Moore proceeded to file an opposition to summary judgment and never provided any specific grounds why she could not do so effectively in the absence

15

of discovery. This is primarily because the Motion to Compel, although interpreted by the majority as a Civ.R. 56(F) motion, does not comply with any of the requirements of such a motion, and, therefore, does not provide the pertinent information required.

{¶50} It is unclear from the majority's opinion why it fails to apply the well-established law outlined above. The concurring judge contends that, pursuant to *Tucker v. Webb Corp.*, 4 Ohio St.3d 121, 447 N.E.2d 100 (1983), Moore's lack of compliance with Civ.R. 56(F) does not prohibit her from seeking additional time for discovery prior to a ruling on the motion for summary judgment. *Tucker*, however, is distinguishable.

{¶51} Importantly, courts have held that *Tucker* must be distinguished where a party has failed to do "more than simply assert a generalized need for discovery," noting that, in *Tucker*, "a particular area of discovery that was directly related to the pending motion for summary judgment was identified." *Wombold v. Barna*, 2nd Dist. Montgomery No. 17035, 1998 Ohio App. LEXIS 5881, 14 (Dec. 11, 1998); *see Tandem Staffing v. ABC Automation Packing, Inc.*, 9th Dist. Summit No. 19774, 2000 Ohio App. LEXIS 2366, 8 (June 7, 2000) (appellant never "presented a detailed assessment of what the [discovery] would reveal" to the trial court).

{¶52} Moore's failure to show how additional time for discovery would demonstrate a necessary fact to support her claims, as described above, is fatal to her request for additional time. It is also noteworthy that several depositions were filed in this matter, which did not support a ruling in her favor.

{¶53} Finally, it must be noted that this is not the case, like *Tucker*, where there was insufficient time to complete discovery. Rather, Moore complains of a lack of

16

compliance with discovery but took no action with the court to remedy this situation until over four months after her request for discovery. This was after the appellee's Motion for Summary Judgment had been filed and only a month before the scheduled trial date. Moore's own failure to act to enforce her discovery rights contributed to any lack of information she had at the time appellee filed the summary judgment motion. *See Whiteside v. Conroy*, 10th Dist. Franklin No. 05AP-123, 2005-Ohio-5098, ¶ 40-41.

{¶54} Given the foregoing, it is necessary to apply the law outlined above and hold that Moore's failure to file a proper motion justified the trial court's decision to rule on the motion for summary judgment. To find otherwise under the circumstances of this case eviscerates the purpose of Civ.R. 56(F), rendering it meaningless. It is not the role of this court to create remedies for parties who fail to take advantage of those that are already available to them.

{¶55} For the foregoing reasons, I respectfully dissent and would affirm the decision of the trial court, as to do otherwise would violate this court's precedent and requires this court to provide relief to Moore that she herself did not properly seek.