[Cite as *Treasurer of Cuyahoga Cty. v. Frankovic*, 2020-Ohio-3894.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

TREASURER OF CUYAHOGA,      :
COUNTY, OHIO,

                       :

       Plaintiff-Appellee,

                       :           No. 109037

       v.

                       :

CHRIS FRANKOVIC,

                       :

       Defendant-Appellant.

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 30, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-916572

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Hannah Singerman, Assistant Prosecuting Attorney, *for appellee.*

Chris Frankovic, *pro se.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Chris Frankovic, appeals from the trial court's judgment setting forth the decree of foreclosure on his property. He raises one assignment of error for our review:

The Common Pleas Court erred and abused its discretion in determining the decision "Other Lands-City."

{¶ 2} Finding no merit to his appeal, we affirm.

## I. Procedural History and Factual Background

{¶ 3} On April 6, 2018, plaintiff-appellee, Treasurer of Cuyahoga County, ("county"), filed a complaint in foreclosure against Frankovic in the Cuyahoga County Board of Revision ("BOR"), seeking to foreclose on Frankovic's property due to non-payment of real property taxes. The county alleged that Frankovic owed it $1,343.94 for unpaid taxes plus other penalties and assessments. The county attached a delinquent land certificate certifying the parcel as delinquent and a preliminary judicial report showing that the County had a first lien on the property. Frankovic did not file an answer to the complaint.

{¶ 4} The BOR scheduled a hearing on the matter for August 28, 2018. The docket shows that a continuance was granted but does not state why. The county asserts that Frankovic, who lives in Pittsburgh, called the BOR on the day of the hearing and requested a continuance (there is no evidence of this in the record).[1]

{¶ 5} The BOR set the matter for a hearing on November 14, 2018. The docket reflects that the BOR granted another continuance but does not state why. The county again asserts that Frankovic telephoned the BOR on the day of the

---

[1]Frankovic filed an App.R. 9(A) appeal, so there are no transcripts of any hearings in the record before us. The facts and background information come from the certified docket and the pleadings. Where the facts cannot be verified in the record, we note it.

hearing and requested another continuance (there is no evidence of this in the record). The BOR rescheduled the hearing for December 19, 2018.

{¶ 6} On December 18, 2018, an attorney filed a notice of appearance for Frankovic and requested a continuance, which the BOR granted. The BOR rescheduled the hearing for April 17, 2019. The county asserts that a woman appeared at the hearing saying that she was Frankovic's mother and claiming that she lived at the boarded-up property. The county further asserts that the BOR ordered Frankovic to file evidence of occupancy. We note that there is no affidavit or other evidence of the county's assertions in the record. On April 18, 2019, Frankovic's attorney withdrew as counsel. The record reflects that the BOR granted another continuance on April 18, 2019.

{¶ 7} On May 21, 2019, the county moved to transfer the case from the BOR to the common pleas court pursuant to R.C. 323.691(A)(1), which the BOR granted three days later and transferred the case. The county states that it did so "due to alleged jurisdictional concerns despite the fact that appellant had not and has never provided any actual proof of occupancy and appellant continues to live in Pennsylvania."

{¶ 8} On June 10, 2019, the county filed a notice of transfer of the tax foreclosure proceeding in the common pleas court, with a copy of the original complaint filed in the BOR, the docket from the BOR, the delinquent land certificate, and a preliminary judicial report.

{¶ 9} In late June 2019, the county filed a "supplemental final judicial report." The county also filed a motion to set a hearing date to "determine the rights of all parties in the action." A magistrate granted the county's motion and set a hearing date for July 11, 2019. The magistrate's order setting the hearing date notified the parties that "failure to appear may result in dismissal of the claims or an entry of judgment."

{¶ 10} On July 11, 2019, the magistrate issued the following order:

Case called for hearing. Counsel for plaintiff present. All others absent. The court has been contacted by phone and by mail by pro se defendant Chris Frankovic. The court reminds all parties that such communications are ex parte and inappropriate. Ms. Frankovic has indicated to the court that she is in a hospital in Pennsylvania.[2] In light of the above, the court will continue the hearing one time to 7/25/19 at 11:15. Failure of plaintiff to appear may result in dismissal without prejudice. Failure of defendants to appear may result in the court rendering judgment. No more continuances will be allowed.

{¶ 11} The magistrate held the hearing on July 25, 2019. Frankovic did not appear at the hearing despite being "duly served with summons." The magistrate issued a decision in favor of the county on July 26, 2019, finding that Frankovic was delinquent on "taxes, assessments, penalties, interest and other charges" in the amount of $1,343.94, court costs in the amount of $525, and any additional "taxes, assessment, penalties and interest between the date of the delinquent land tax certificate and the date of the confirmation of the Sheriff's Sale."

[2]The magistrate mistakenly referred to Frankovic as a female.

{¶ 12} On August 8, 2019, Frankovic filed a notice of objection, stating in its entirety:

> I Chris Frankovic, object to the decision made by the magistrate * * * as I was unaware of the date of such hearing and therefore could not present my case. I was to be placed on a payment plan by the county treasurer, and I would request a breakdown of the charged amount of $1326.00 as I do not know what they are compromised [sic] of. I feel I should be able to present my case in a hearing.

{¶ 13} The magistrate withdrew his decision and found the objections to be moot. The magistrate rescheduled the final hearing for August 29, 2019, noting that it is Frankovic's "responsibility to monitor this case and the court's docket just like any other party in any other case" and his "responsibility to be present in person and on time for the hearing of 8/29/19." The magistrate further ordered: "No party is permitted to participate by phone. No continuances of this date will be allowed as this is the 3rd time this case has been set for hearing."

{¶ 14} On August 20, 2019, Frankovic filed a motion to continue the August 29, 2019 hearing, stating that he had "to have emergency surgery, unless a phone hearing can be held." The trial court denied Frankovic's motion the day he filed it.

{¶ 15} The trial court held the hearing as scheduled, and Frankovic did not appear. On September 9, 2019, the trial court issued a decree of foreclosure. Frankovic again filed objections. The trial court denied Frankovic's objections because the degree of foreclosure was "an order of the court and not a magistrate's

decision." The court also struck Frankovic's objections because they did not comply with the Ohio Rules of Civil Procedure.

{¶ 16} Frankovic appeals from the decree of foreclosure, stating in his notice of appeal:

> I Chris Frankovic, wish to appeal the decision on September 6, 2019 by [the trial court judge], of my case held on August 28, 2019 as I had to have emergency surgery. I had notified the court in advance and was denied a continuance. This decision is unfair and bias as I should be able to present my side of the case.

## II. Law and Analysis

{¶ 17} In his sole assignment of error, Frankovic argues that "[t]he Common Pleas Court erred and abused its discretion in determining the decision 'Other Lands-City.'" Although he phrases his assigned error this way, he does not raise any issue relating to "Other Lands-City" in his argument. Thus, in deciphering Frankovic's arguments, we look to his statement of facts and statement of argument.

{¶ 18} He asserts in his statement of facts that the trial court violated his constitutional rights by "failing to continue the hearing to allow [him] to make an appearance at the hearing." He further states that the trial court "also failed to enforce or allow the payment plan to proceed or commence that was previously agreed to by the Treasurer of Cuyahoga County, Ohio." In his "statement of argument," Frankovic maintains that the trial court should have allowed him to appear by phone and that it erred because it should have allowed him to make payments towards the delinquency.

{¶ 19} The decision to grant or deny a continuance rests with the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *State v. Character*, 8th Dist. Cuyahoga No. 93765, 2010-Ohio-4128, ¶ 16. Abuse of discretion has been described as a ruling that lacks a "'sound reasoning process'" or is a decision that is unreasonable, arbitrary, or unconscionable. *State v. Torres*, 8th Dist. Cuyahoga No. 99596, 2013-Ohio-5030, ¶ 51, quoting *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 553 N.E.2d 597 (1990); *Swanson v. Swanson*, 8th Dist. Cuyahoga No. 90472, 2008-Ohio-4865, ¶ 11.

{¶ 20} Our review of a denial of a motion for a continuance requires us to apply a balancing test — weighing the trial court's interest in controlling its own docket and the public's interest in the prompt and efficient dispatch of justice versus any potential prejudice to the moving party. *Seget v. Seget*, 8th Dist. Cuyahoga No. 83905, 2004-Ohio-6209, ¶ 10. In *State v. Unger*, 67 Ohio St.2d 65, 423 N.E.2d 1078 (1981), the Ohio Supreme Court articulated the following factors that a trial court should consider in evaluating a motion for a continuance:

> [T]he length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the [moving party] contributed to the circumstances which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of the each case.

*Id.* at 67-68.

{¶ 21} We find no merit to Frankovic's argument that the trial court abused its discretion when it denied his motion for a continuance. Frankovic filed the motion at issue on August 20, 2019, nine days before the scheduled hearing. It was the third continuance that he had filed in less than two months. He also had over a year to appear before the BOR and never did so. Frankovic asserted in his motion at issue that he could not appear because he had to have emergency surgery but said that he could appear by phone. The trial court, however, had warned Frankovic that it would not continue the matter for a third time and that he had to appear in person.

{¶ 22} We further note that Frankovic never filed an answer in the case or asserted any defenses. And according to the record, the county taxes had not been paid on the property since at least 2011.

{¶ 23} Based upon the record before us, we cannot find that the trial court abused its discretion in denying Frankovic's motion for continuance.

{¶ 24} Regarding Frankovic's assertion that the county offered him a payment plan that it later withdrew, there is nothing in the record to support this claim.

{¶ 25} In his reply brief, Frankovic asserts that the county's appellee brief contains a number of factual discrepancies. None of Frankovic's asserted discrepancies, however, appear in the record before us because Frankovic never filed an answer or otherwise created a record below — despite having over one year and four months to do so. The county moved to strike Frankovic's reply brief, which we

deny as moot because there is nothing in Frankovic's reply brief that this court can consider.

{¶ 26} Accordingly, we overrule Frankovic's sole assignment of error.

{¶ 27} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

EILEEN T. GALLAGHER, A.J., and
RAYMOND C. HEADEN, J., CONCUR